UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELIA M. TORRES-RAMOS,<br><br>        Plaintiff,<br><br>      v.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>        Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Delia M. Torres-Ramos, the Plaintiff herein, by her attorneys, as and for her complaint against the Defendant PORTFOLIO RECOVERY ASSOCIATES LLC, ("PRA"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff brings claims pursuant to the. and New York General Business Law § 349.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

6. The Plaintiff is a natural person and resident of the State of New York. She is a "consumer" as defined by 15 U.S.C. § 1681 a(c).

7. Defendant transacts business in the Southern District of New York, therefore, jurisdiction is established.

## PARTIES

8. At all relevant times, Plaintiff Delia M. Torres-Ramos has resided in the State of New York. Plaintiff is a "consumer" as that term is defined in the FDCPA, FCRA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

9. Defendant PORTFOLIO RECOVERY ASSOCIATES LLC was and is a foreign limited liability company that did transact and does now presently transact business in the State of New York through its registered agent Corporation Service Company, located at 80 State Street, Albany, New York 12207.

10. Upon information and belief, the principal purpose of PRA is in the business of collection of debts using the legal system, credit reporting, and instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. PRA regularly acquires debts owed by consumers after the debts are in default, and then attempts to collect those debts, as part of its regularly conducted business activities.

12. PRA is engaged in the business of collecting debts.

13. PRA is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

14. PRA is a "person" as defined under 15 U.S.C. 1681a(b).

15. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

16. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

17. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

18. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant.

19. At no time has Plaintiff owed any debt to Defendant.

20. At no time has Plaintiff had any accounts open with Defendant.

21. At no time has Plaintiff had any personal credit accounts with Defendant.

22. At no time has Plaintiff had any personal business relationship with Defendant.

23. At no time has Defendant been in possession of a signed contract between Plaintiff and any other entity.

24. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

25. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

### Collection Attempts

26. On or around January 4, 2021, Plaintiff reviewed her personal credit file maintained by Experian Information Solutions, Inc., ("Experian") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

27. On or around December 30, 2020, Plaintiff reviewed her personal credit file maintained by Equifax Information Services, LLC, ("Equifax") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

28. Defendant's representations to Experian and Equifax are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

29. Within the Experian and Equifax reports, Defendant reported that Plaintiff opened the account with PRA in November 2017.

30. Defendant's representations to Experian and Equifax were false and deceptive because Defendant does not report these as the dates the account was opened with the original creditor. Defendant instead creates the false narrative that PRA is the original creditor that Plaintiff opened the account that resulted in the alleged debt.

31. Moreover, Defendant's false reporting to Equifax continues with their reporting of the date of delinquency of the alleged account is January 2016. This is confusing to say the least, because how can a delinquency occur on a date before the alleged account was opened?

32. Within the Experian report, Defendant reported that the alleged account type was "debt buyer". Within the Equifax report, Defendant reported that the alleged loan type was "debt buyer". This is false and deceptive because "debt buyer" is not an account nor loan type a consumer would apply for.

33. Within the Experian and Equifax reports, Defendant reported that the Plaintiff had a balance of $1,894 with PRA. Defendant's representations are false and deceptive because the Plaintiff did not have a balance of that amount with PRA or any other entity.

34. PRA has continued its collection efforts by its false and deceptive representations to Experian and Equifax.

35. Defendant's false and deceptive representations to Experian and Equifax have damaged the Plaintiff in that Plaintiff's credit profile is tainted and her debt-to-income ratio is severely affected, which have adversely affected her credit standing which has hindered her ability to apply for and benefit from credit.

36. Defendant's reporting to the credit reporting bureaus, regarding the date the account was opened, and the date of delinquency are patently false because there is no credit agreement or contract between Defendant and the Plaintiff.

37. Defendant is clearly engaging in the practice of "re-aging" of the account, in which it creates the false narrative that the account is a new account to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report.

38. There is no agreement in writing between the Defendant and the Plaintiff that authorized the collection of this alleged debt.

39. Consequently, Defendant has maliciously sought to collect the debt from the Plaintiff.

40. Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

## Impermissible Pulls

41. On or about June 4, 2020, December 8, 2019 and July 30, 2019, despite being cognizant of the facts as delineated above, Defendant, accessed Plaintiff's individual and personal credit file from Experian Information Solutions, Inc.

42. On or about May 4, 2021, despite being cognizant of the facts as delineated above, Defendant, accessed Plaintiff's individual and personal credit file from Trans Union LLC ("Trans Union"), a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

43. At no time did Plaintiff consent to Defendant accessing her individual and personal credit report from Experian and Trans Union.

44. Defendant accessed Plaintiff's individual and personal credit report from Experian and

Trans Union without a legitimate business reason to do so.

45. Defendant accessed Plaintiff's individual and personal credit report impermissibly from Experian and Trans Union.

46. Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union without first informing Plaintiff of its intent to do so.

47. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant reviewed Plaintiff's private information.

48. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

49. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

50. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

51. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Plaintiff's private financial information was published to Defendant.

52. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

53. At the time Defendant accessed Plaintiff's individual and personal credit report from

Experian and Trans Union, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and telephone numbers.

54. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Plaintiff's personal information, as delineated above, was published to Defendant.

55. In light of the facts articulated herein, Defendant engaged in conduct in an attempt to oppress and harass Plaintiff into paying a debt.

56. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false and misleading representations or utilizing deceptive means.

57. In light of the facts articulated herein, Defendant attempted to collect a debt by intentionally mischaracterizing and misrepresenting the character and legal status of the debt.

58. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false credit information.

59. In light of the facts articulated herein, Defendant utilized unfair and unconscionable means to collect the alleged debt.

60. In light of the facts articulated herein, Defendant attempted to collect a debt not authorized by an agreement creating the debt.

61. In light of the facts articulated herein, Defendant unlawfully obtained Plaintiff's consumer report without the Plaintiff's written authorization or a permissible purpose.

62. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## ALLEGATIONS OF LAW

63. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

64. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

65. Defendant's conduct violates 15 U.S.C. § 1681b(f)(1) in that the Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation.

66. That as per 15 U.S.C. § 1681 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

67. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

68. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

69. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## **COUNT I**

### **Violations of the Fair Debt Collection Practices Act**

70. Plaintiff adopts and realleges the foregoing as fully stated herein.

71. Defendant violated the FDCPA.

72. Defendant's violations include, but are not limited to the following: d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iv. Defendant violated 15 U.S.C. § 1692e(8) by communicating false credit information;

    v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

    vi. Defendant violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law.

73. Defendant's violations of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k.

74. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

75. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety, and humiliation as a result of Defendant's abusive attempts to collect a debt.

76. Defendant's violation of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k(a)(1).

77. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II
## Violations of the Fair Credit Reporting Act

78. Plaintiff adopts and realleges the foregoing as fully stated herein.

79. Defendant violated the FCRA.

80. Defendant's violations include, but are not limited to the following:

    i. Defendant violated 15 U.S.C. § 1681b(f)(1) by unlawfully obtaining a consumer report without the consumer's written authorization or a permissible purpose;

81. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating

and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

82. Defendant's violation of §1681b(f)(1) the FCRA render it liable for actual, statutory and punitive damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1681n*.

## COUNT III

### Violations of the New York General Business Law § 349

83. Plaintiff adopts and realleges the foregoing as fully stated herein.

84. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

85. Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

86. Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

87. As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

88. Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

89. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**PRAYER FOR RELIEF**

Plaintiff, Delia M. Torres-Ramos prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. §1692k against each and every Defendant and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

d. Declare the Defendant violated the FCRA;

e. For an award of actual compensatory damages suffered pursuant to 15 U.S.C. §1681n;

f. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

g. Declare that the Defendant violated the NY GBL;

h. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

i. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

j. Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Delia M. Torres-Ramos demands trial by jury.

Dated: June 22, 2021

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE, PC**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile:  (212)  766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**